IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD LEHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 99-919-GPM |
| | ) |
| MICHAEL HOLMES and | ) |
| DONALD SNYDER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Two related motions are before the Court: Defendants' Motion for Summary Judgment (Doc. 50) and Plaintiff's Petition for Declaratory Judgment (Doc. 56).

Plaintiff, Donald Lehn, is an inmate in the custody of the Illinois Department of Corrections (IDOC). He filed his *pro se* complaint seeking relief under 42 U.S.C. § 1983 in this Court on December 7, 1999. Lehn's complaint was divided into five "claims," each of which complained about conditions of his confinement at Big Muddy River Correctional Center. Lehn's complaint states clearly that he "seeks only injunctive and declaratory relief and to be awarded the costs of bringing this action." (Doc. 1, Complaint, Section IV, lines 8-9 [emphasis in original]; *see also* Doc. 1, Section V.)

This Court granted Defendants' motion to dismiss on mootness grounds. (*See* Doc. 24.) Lehn appealed, and the Seventh Circuit remanded with directions.

After remand from the Seventh Circuit, two constitutional claims are pending. The first

claim is that Lehn's right to access the courts is infringed by the lack of access to Maryland legal materials in the IDOC.[1] The second is that Lehn's Eighth Amendment rights are violated by the IDOC's practice of housing him (a non-smoker) with inmates who smoke, thereby exposing him to secondhand smoke. *See Lehn v. Holmes*, 364 F.3d 862 (7th Cir. 2004).

Defendants seek summary judgment on both pending claims.

### RIGHT OF ACCESS TO THE COURTS CLAIM

When the Seventh Circuit considered this case, the Maryland indictment was still pending. Since remand, Lehn has pleaded guilty to the Maryland charges. Thus, the landscape has changed with respect to his right of access claim.

First, it is important to be clear as to the exact claim that is pending. The Seventh Circuit noted that Lehn made five specific complaints in connection with his right of access claim but that only one, the complaint about lack of access to Maryland legal materials, was raised on appeal and/or had any merit. Thus, the following complaints are no longer at issue in this litigation: (1) amount of library time, (2) limitations on the quantity of photocopied materials permitted in Lehn's cell, (3) inadequate legal assistance from library staff, and (4) the denial of his request to purchase a laptop computer and CD-ROM materials for use in his smoke exposure litigation. *Lehn*, 364 F.3d at 866.

The Seventh Circuit made it plain that the scope of Lehn's right of access claim with regard to Maryland legal materials is limited. The <u>Illinois</u> Department of Corrections has a responsibility to provide Lehn with access to <u>Maryland</u> law only insofar as the IDOC is using the fact of the

---

[1] On October 11, 1996, Maryland issued a warrant for Mr. Lehn on charges related to child abuse and child pornography. (*See* Maryland warrant attached to Doc. 1.)

pending Maryland indictment in determining the manner in which it treats Lehn, for example, in setting his security classification. The Seventh Circuit stated that it is the responsibility of Maryland, not Illinois, to ensure that Lehn's Sixth Amendment right to counsel with regard to the Maryland charges is satisfied. "We have no quarrel with the proposition that if Lehn were seeking to attack the Maryland proceedings for his own purposes, and faced no potential harm from those outstanding indictments in Illinois, then he would be required to pursue his claim against the responsible Maryland authorities." *Lehn*, 364 F.3d at 866-67.

The Seventh Circuit remanded the right of access claim with these instructions:

> Since we find that Lehn possesses a right of access to the courts with regard to his Maryland indictment, IDOC must either clearly renounce any reliance on that proceeding or find some way to provide Lehn with access to the essential legal materials he needs. This leaves two remaining points. On remand the district court will need to look into the status of the proceedings against Lehn in Maryland. If in fact Maryland has dismissed the outstanding indictment and withdrawn the warrant for Lehn's arrest, then there is no longer a need for Lehn to access Maryland legal materials, and the court should dismiss his claim as moot. If, however, Lehn is still under indictment in Montgomery County, then his claim is not moot and IDOC can decide how it wishes to proceed, consistently with this opinion.

*Lehn*, 364 F.3d at 870.

In accordance with the Seventh Circuit's directions, this Court ordered the parties to inform it of the status of the Maryland charges. Defendants responded that Montgomery County, Maryland, had issued a detainer pursuant to the Interstate Agreement on Detainers Act and that the IDOC was working to accomplish the transfer of Lehn to Maryland for appearance on the Maryland charges. (*See* Docs. 39 and 41.) Lehn was subsequently transferred to Maryland, and an attorney was appointed to represent him on the Maryland charges. (*See* Docs. 60 and 61.) A plea agreement was reached, and Lehn plead guilty to the Maryland charges in return for a three year sentence, to be served concurrently with his Illinois prison term. (*See* Doc. 63.)

Defendants now argue that Lehn's guilty plea renders his right of access claim moot. (*See* Doc. 65.) This Court agrees.

Lehn counters that he still needs access to Maryland legal materials because (1) he needs information about how and where to register as a sex offender in Maryland after he is released from prison; and (2) he needs information about his eligibility for good time credit on his Maryland sentence. In addition, Lehn now asserts that he needs access to Wisconsin legal materials because he intends to reside in Wisconsin after he is released from prison, and he wants to research Wisconsin requirements on sex offender registration and possible restrictions on where he can live. (Doc. 63, pp. 3-7.)

The right of access to the courts is a limited one. The Seventh Circuit explained as follows:

> In *Lewis*, the Supreme Court made clear that the right of access to the courts is limited to certain types of litigation. As the Court explained, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lehn*, 364 F.3d at 869.

Here, Lehn is not seeking access to Maryland law in order to challenge the validity of his guilty plea or his Maryland sentence. He does not seek legal materials to enable himself to file any type of litigation at all. Rather, he wants to investigate sex offender registration requirements and his eligibility for good conduct credits and make plans for life after his release from prison. Illinois is not required by the Constitution to provide Lehn access to the materials that he seeks. The fact that these materials are not available in the prison library is "simply one of the incidental (and

perfectly constitutional) consequences of conviction and incarceration." *Id.*

### RIGHT TO RECEIVE MATERIALS ON CD-ROM

Lehn also asserts a general claim that inmates have a First Amendment right to obtain materials on CD-ROM. He asks for a declaration of such a right in his petition for declaratory judgment. (Doc. 56.) His petition must be denied.

Lehn filed the petition for declaratory judgment after the Seventh Circuit remanded the case to this Court. In remanding, the Seventh Circuit rejected Lehn's claim that his right to access the Court has been violated by the prison's refusal to allow him to get a computer and materials on CD-ROM for use in his secondhand smoke claim. *See Lehn*, 364 F.3d at 867.

The First Amendment claim stated in the petition for declaratory judgment is not properly before this Court. It was not stated in the original complaint and was, therefore, not part of the remand from the Seventh Circuit. Lehn was not given leave to file the petition after remand.

In any event, Lehn has not provided the Court with any authority for the proposition that the First Amendment guarantees an inmate a right to possess information in the form of a CD-ROM. It is well-established that inmates do not have an absolute right to possess hard cover books. *See Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992); *Bell v. Wolfish*, 441 U.S. 520, 549-550 (1979). If the First Amendment does not give an inmate an absolute right to possess information in the form of a hard back book, this Court must conclude that it likewise does not give him an absolute right to receive information in the form of a CD-ROM, along with a computer to read the disc. Therefore, the petition for declaratory judgment (Doc. 56) is denied.

**S<small>ECONDHAND</small> T<small>OBACCO</small> S<small>MOKE</small> C<small>LAIM</small>**

When Lehn filed his lawsuit, he was housed at Big Muddy River Correctional Center. He alleged in his complaint that IDOC policies exposed him to secondhand smoke, which threatens his future health and causes him current symptoms of headaches and burning eyes. (Doc. 1, p. 5b.) He seeks injunctive and declaratory relief only; he asks the Court "to adopt a smoking/tobacco policy which safeguards inmates' health, safety and security." (Doc. 1, p. 6.) Because he was transferred to another institution after filing suit, this Court dismissed his claim as moot. The Seventh Circuit reversed, holding that Lehn's claim goes to the IDOC policy of housing non-smoking inmates with smokers and was not limited to conditions at Big Muddy. In remanding, the Seventh Circuit noted that it was expressing "no opinion on the question whether Lehn will be able to present enough evidence at the summary judgment stage to take his ETS claim to a trier of fact." *Lehn*, 364 F.3d at 872. The Seventh Circuit held that the environmental tobacco smoke (ETS) claim must be analyzed within the framework of an Eighth Amendment claim, that is, Lehn must meet both the subjective and objective elements of an Eighth Amendment claim, citing *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 1999).

In his response, Lehn focuses on the fact that, according to him, the IDOC does not follow its own policies on providing non-smoking cell assignments. (*See* Doc. 53, p. 4.) That is not the determinative issue, however; without more, the fact that state rules or regulations are violated does not give rise to a constitutional claim. *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004). This Court can grant relief only if housing Lehn with smoking cellmates violates his right to be free from cruel and unusual punishment.

Defendants argue first that they are entitled to summary judgment because Lehn's assertion

of headache and burning eyes due to smoke exposure is insufficient to meet the objective standard for a present injury. They cite *Henderson* in which the Seventh Circuit held that, in order to show a cognizable claim for present injuries due to smoke exposure, the plaintiff must show that he suffers a serious condition, and that "breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy--are, objectively speaking, relatively minor." *Henderson*, 196 F.3d at 846. Defendants also cite *Goffman v. Gross*, 59 F.3d 668 (7th Cir.1995), and *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996).

There is a critical difference between the cases relied on by Defendants and case at bar. *Henderson*, *Goffman*, and *Oliver* all involved claims for present, not future, harm from exposure to smoke. Lehn's complaints of headache and burning eyes would be insufficient under those cases to show a serious condition for purposes of the objective standard. The Seventh Circuit construed Lehn's claim as one for future injuries, however, and it stated that Lehn must meet the requirements set forth in *Helling v. McKinney*, 509 U.S. 25 (1993). *Lehn*, 364 F.3d at 872.

Under *Helling*, on a claim for injunctive relief to prevent future harm, a plaintiff meets the objective standard by showing that he is being exposed to unreasonably high levels of secondhand smoke which is likely to cause future harm, and that forcing a person to be so exposed violates contemporary standards of decency. A plaintiff must also meet the subjective standard of deliberate indifference, which must be measured by prison officials' current attitudes. The Supreme Court noted that the adoption of a smoking policy and the manner in which the policy is administered would be relevant to the subjective standard. The Supreme Court specifically held that a plaintiff seeking an injunction to prevent future harm from exposure need not prove that he suffers from a serious condition at the present. *Helling*, 509 U.S. at 33-37, 113 S. Ct. at 2480-2482.

Defendants' motion for summary judgment mingles the requirements of a claim for damages for present injuries from ETS with the requirements of a claim for an injunction to prevent future harm from exposure. They argue that Lehn cannot meet the objective standard because he cannot show that he has a serious medical condition that is exacerbated by exposure to smoke. Under *Helling*, he need not make that showing. Defendants offer no evidence on the issue of likelihood of future harm from exposure. Lehn filed his affidavit in opposition to the motion, in which he sets forth his professional qualifications and states his opinion that exposure to secondhand smoke causes damage at the molecular level and significantly increases the risk of serious medical diseases. (*See* Affidavit attached to Doc. 53.) Lehn's affidavit is sufficient to create an issue of fact as to whether Lehn can show that he is being exposed to unreasonably high levels of secondhand smoke which is likely to cause future harm.

Defendants also argue that Lehn cannot meet the subjective standard for deliberate indifference. They offer the affidavit of Gregory Schwartz, Assistant Warden of Operations at Pinckneyville, which states that inmates can request placement in a cell with a non-smoking cellmate and that such requests are "accommodated to the extent allowed by space and security conditions." (Exhibit 3, attached to Doc. 50.) In response, Lehn's affidavit states that he has been housed with a chain-smoking cellmate despite requesting a non-smoker, that his requests to be housed with non-smokers have been "systematically denied," and that smokers are "routinely assigned to designated non-smoking cells." (Affidavit attached to Doc. 53, ¶¶ 14-19.) There is an issue of fact as to whether Lehn can show the subjective standard for deliberate indifference.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 50) is

**GRANTED** as to Plaintiff's right of access claim with regard to Maryland legal materials. Defendants' Motion for Summary Judgment (Doc. 50) is **DENIED** as to Plaintiff's claim that exposure to secondhand smoke violates his Eighth Amendment rights. Plaintiff's petition for declaratory judgment (Doc. 56) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: 09/28/05

    s/ G. Patrick Murphy
    G. PATRICK MURPHY
    Chief United States District Judge